## Bernhard Mayer *vs.* The Mayor &c. of New York.

The owner of a city lot assessed for a street improvement, intending to pay the assessment thereon, by mistake paid an assessment laid upon an adjoining lot, not owned by him, which assessment was afterwards declared invalid and vacated. *Held,* that such owner could recover back the money so paid by mistake, (adopting and reaffirming the decision in S. C., on demurrer, 4 *Thomp. & C.,* 488; 2 *Hun,* 306.)

An order of the court, vacating an assessment, is not admissible in evidence without the production of the roll or record of the proceedings in which the order was made.

But if the order is wholly immaterial, because the fact which it is received to prove is not essential to the plaintiff's right to recover, and the jury cannot be said to have been affected by the improper and illegal evidence, the error of receiving it will not be regarded.

APPEAL, by the defendants, from a judgment entered on a verdict.

The action was brought to recover back the amount of an assessment for a street improvement, which the plaintiff had paid to the defendant. The plaintiff being the owner of a lot assessed, attempted to pay the sum assessed thereon, but by mistake paid the assessment laid on an adjoining lot, not owned by him, and which assessment was subsequently vacated. (*S. C.*, *briefly reported*, 4 *Hun*, 673.)

*D. J. Dean*, for the appellant.

*Neville & Andrews*, for the respondent.

*By the Court*, DAVIS, P. J.    The defendants demurred to the complaint in this action on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained at Special Term, and from the order of that court the plaintiff appealed to the General Term. This court, at the October term, 1874, reversed the order below, and held the demurrer bad, with leave to defendants to answer over. The opinion of the court, *per* BRADY, J., (2 *Hun*, 306 ; 4 *Thomp. & C.*, 488,) covers all the material questions presented by this. We adopt and repeat the opinion as a sound exposition of the law under the existing adjudications of the Court of Appeals. On the trial the plaintiff put in evidence an order of the Special Term of this court vacating, on the 21st of December, 1871, the assessment on lot ward number 27, on which the plaintiff paid the assessment on the 22d of December of the same year. This was objected to because. the roll or record of the proceedings in which such order was made was not produced. The court overruled the objection, and received the order in evidence, to which the appellant duly excepted. This exception was probably well. taken, but the order was wholly immaterial, as the fact which it

was received to prove was not essential to the right to recover.

According to the ruling of this court already cited, it could make no difference with the plaintiff's right to recover, whether the assessment on lot 27 had been vacated or not. Besides, the court put the case to the jury upon a question in no sense involving or affected by the question whether the assessment had been vacated or not. The jury cannot be legally said to have been affected by the improper and illegal evidence.

There seems to be no reason for disturbing the judgment, and it should be affirmed. (*a*)

Judgment affirmed.

[FIRST DEPARTMENT, GENERAL TERM at New York, May 3, 1875. *Davis, Brady* and *Daniels,* Justices.]

(*a*) Affirmed. (63 *N. Y.*, 455.)